UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| ANITA LYNN STAMPER, ) executor of the estate ) of Michael Lane Hatton, ) ) Plaintiff, ) ) v. ) ) NANCY A. BERRYHILL, ) Acting Commissioner of ) Social Security ) ) Defendant. ) | Action No. 5:16-CV-00103-JMH **MEMORANDUM OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 9, 10) on Plaintiff's appeal of the Commissioner's denial of an application for disability insurance benefits.[1] The matter having been fully briefed by the parties is now ripe for this Court's review.

**I.**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental

---

[1]  These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

>    ability to do basic work activities is not
>    disabled.
>
> 3. If an individual is not working and has a
>    severe impairment which "meets the duration
>    requirement and is listed in appendix 1 or
>    equal to a listed impairment(s)", then he
>    is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on
>    current work activity and medical facts
>    alone, and the claimant has a severe
>    impairment, then the Secretary reviews the
>    claimant's residual functional capacity and
>    the physical and mental demands of the
>    claimant's previous work. If the claimant
>    is able to continue to do this previous
>    work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did
>    in the past because of a severe impairment,
>    then the Secretary considers his residual
>    functional capacity, age, education, and
>    past work experience to see if he can do
>    other work. If he cannot, the claimant is
>    disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520(1982)).

## II.

On July 16, 2012, Plaintiff's decedent, Michael Lane Hatton, filed an application for disability insurance benefits (DIB), alleging that he became disabled on July 15, 2002 (Tr. 12).[2] Hatton's application was denied, and he pursued and exhausted his administrative remedies before the Commissioner (Tr. 1-5 (Appeals

---

[2] Plaintiff Anita Lynn Stamper is the daughter of Michael Lane Hatton and the executor of his estate. Hatton died after his claim was denied by the ALJ but before the filing of this civil action.

Council decision), 12-22 (ALJ hearing decision), 27-64 (administrative hearing)). This case is ripe for review pursuant to 42 U.S.C. § 405(g).

This case is unique in that Hatton first approached his local Social Security office concerning benefits a number of years after he stopped working (Tr. 31, 226). His "last insured" date for the purposes of his application was June 30, 2007 (Tr. 12). To be entitled to DIB, a claimant must be "under a disability" within the meaning of the Social Security Act as of the date his insured status expired. *See* 42 U.S.C. §§ 416(i), 423(c)(1); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Therefore, Hatton was required to show that he was disabled as of June 30, 2007. *See* 42 U.S.C. §§ 416(i), 423(c)(1).

He was 63 years old at the time of the Commissioner's final decision on July 16, 2014, and 56 on the date his insured status expired (Tr. 66 (date of birth)). He graduated from high school and previously worked as a machine operator manufacturing truck axles and as a farm worker on a horse farm (Tr. 176, 186).

Following a hearing that took place on March 31, 2014, and in a decision dated July 16, 2014, the administrative law judge (ALJ) found that Hatton had severe impairments consisting of peripheral arterial disease; a history of myocardial infarction; diabetes; and obesity (Tr. 14, finding no. 3). The ALJ went on to find that none of the impairments were per se disabling (Tr. 14-16, finding

3

no. 4). The ALJ determined that Hatton had the residual functional capacity to perform medium work with some additional limitations: he could stand or walk six hours a day; sit six hours a day; and push or pull consistent with medium work (Tr. 16-20, finding no. 5). Based upon testimony from a vocational expert, the ALJ determined that as of June 30, 2007, Hatton could have returned to his previous work as a groundskeeper or machine operator and could perform other work existing in significant numbers in the national economy, such as hand packer or housekeeper/cleaner (Tr. 20-21, finding no. 6). Thus, the ALJ found that Hatton was not disabled (Tr. 21-22, finding no. 7).

## III.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "'means such relevant evidence as a reasonable mind might accept.'" *Foster*, 279 F.3d at 353 (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1991)).

**IV.**

On appeal from the decision of the Commissioner, Plaintiff argues that the ALJ erred when he failed to provide Hatton with a de novo hearing because the ALJ "deferred fully" to the opinion of state agency physician, Dr. Carlos Hernandez. Specifically, Plaintiff cites to ALJ Kayser's statement during the hearing that, with respect to an agency opinion, "[f]or me to reverse, there has to be some evidence that [state agency staff] didn't consider. I mean, for me to go back, I can't just simply go back and say you were—you read this thing wrong, you didn't consider that. That's not the way it works." (Tr. 34). Plaintiff also points to an exchange between hearing counsel, who asked, "But, Your Honor, you're not bound by their findings, are you?" and the ALJ, who responded:

> The heck I'm not; I'm not a medical expert. I can't reverse their decision based upon my interpretation of the records. No, you've got to be a medical doctor. I'm not a medical doctor. So they—so it presents a difficult problem because they had the entire file in front of them. They went back and they found there were non-severe conditions. What we look for is some evidence that they didn't have at the time available to clarify that. And right now, and from what I'm seeing, they had the entire file in front of them and they made those determinations.

Plaintiff argues that, based on these exchanges, it is clear that the ALJ did not independently assess his RFC but, instead, believed that an ALJ had no choice but to accept the opinion of

the state agency physician, Dr. Hernandez. Having reviewed the record, the Court disagrees.

First, the exchange cited by Plaintiff did not address the development of an RFC for Hatton. Rather, hearing counsel and the ALJ addressed the assessment and decision about which of Plaintiff's impairments were "severe" within the meaning of the regulations at step two of the sequential evaluation process. Plaintiff's hearing counsel and the ALJ were discussing whether Hatton's "peripheral vascular arterial disease" was a severe impairment or not. It was Dr. Pamela Green, a state disability determination service medical consultant, and not Dr. Hernandez, who opined that Hatton's "peripheral vascular (arterial disease)" was not a severe impairment. Dr. Hernandez actually offered no opinion about Hatton's impairments but, instead, provided an opinion as to his residual functional capacity considering his medical condition and history based on the record available. The ALJ stated that he would review the record for evidence to Dr. Green's opinion and upon which a different conclusion as to the severity of Hatton's impairments could be reached. Ultimately, having done so, the ALJ concluded that the impairment was severe. The situation is not as Plaintiff describes, and the Court could end its analysis here.

That said, the ALJ correctly understood his role during the determination process: "[a]n ALJ is not permitted to substitute

6

her own medical judgment for that of a treating physician and may not make her own independent medical findings." *Bledsoe v. Comm'r of Soc. Sec.*, No. 1:09CV564, 2011 WL 549861, at *7 (S.D. Ohio Feb. 8, 2011) (citing *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009); *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir. 1996)). This is because "an ALJ is not free to set his own expertise against that of a physician who presents competent evidence." *Id.* (quoting *McCain v. Director, Office of Workers Compensation Programs,* 58 F. App'x 184, 193 (6th Cir. 2003)).

Nor did the ALJ err in giving Dr. Hernandez's opinion concerning Hatton's residual functional capacity the "greatest weight" and incorporating Dr. Hernandez's opinion concerning these limitations into the RFC assessment, as Plaintiff argues. As the Commissioner points out, [i]n "appropriate circumstances, opinions from State agency [medical experts] may be entitled to greater weight than the opinions of treating or examining sources," *See* Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *3, and giving a reviewing source's opinion greater weight is not, by itself, reversible error. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 651 (6th Cir. 2006). Nor is the Court concerned with Plaintiff's complaint that the ALJ 'gave no particular weight to any other evidence or opinion" besides that of Dr. Hernandez because, as Plaintiff tacitly acknowledges by failing to cite to

7

any evidence of record, Dr. Hernandez provided the only statement from a medical source addressing residual functional capacity. Since Plaintiff has failed to argue with citation to the record that Dr. Hernandez's opinion was inconsistent with the evidence of record, the Court considers the matter no further. *See* 20 C.F.R. § 404.1527(c)(4) (opinions that are not inconsistent with the record are entitled to more weight). The ALJ did not err in this regard.

Finally, there is no merit to Plaintiff's argument that the ALJ did not consider the combined impact of Hatton's impairments on the RFC. True, the ALJ discussed each of the impairments in turn, but "[t]he fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered . . . ." *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). Rather, an ALJ sufficiently considers a claimant's impairments in combination when he refers to "a combination of impairments" in evaluating whether a claimant meets a listing. *Id.* at 591-92 (sufficient to refer to a plaintiff's "impairments" in the plural at step three). The ALJ referred to Hatton's "combination of impairments", even though he discussed each element of the record individually (Tr. 14-20), and did all that was required. *Gooch*, 833 F.2d at 591-92. Further, in reaching his decision, the ALJ also relied on Dr. Hernandez's assessment, which considered all of Plaintiff's

impairments together in opining on his ability to do work ("Allegations: complications from diabetes, sleep apnea, kidney problems, peripheral artery disease, bad eyes, diastolic heart failure.") (Tr. 80). This is more meaningful than Plaintiff would have the Court believe. *See Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987) ("structure" of ALJ's decision shows he considered claimant's impairments in combination). The Court is not persuaded that the ALJ failed to consider the combined impact of Hatton's impairments and did not err in this regard.

Accordingly, for all of the reasons set forth above, **IT IS ORDERED**:

1) That Plaintiff's Motion for Summary Judgment (DE 9) is **DENIED;** and

2) that Defendant's Motion for Summary Judgment (DE 10) is **GRANTED.**

This the 6th day of October, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

9